UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SAMUEL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:17-cv-00003-WTL-DKL |
| | ) |
| RICHARD BROWN Superintendent, | ) |
| LANTRIP Sergeant, | ) |
| MORRIS Correctional officer, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
And Directing Service of Process**

**I. Background**

The plaintiff Samuel Davis, Jr., is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Screening

The complaint is brought under 42 U.S.C. § 1983 and names the following defendants: 1) Superintendent Richard Brown; 2) Sergeant Lantrip; and 3) Correctional Officer Morris. Mr. Davis seeks compensatory and punitive damages.

Mr. Davis alleges that he was written up for a rule violation on October 14, 2016. The conduct report was allegedly written by Officer Morris and also signed by his Supervisor Sgt. Lantrip. The hearing officer found Mr. Davis not guilty. During the disciplinary proceedings, Mr. Davis learned that Sgt. Lantrip had forged Officer Morris' signature on the conduct report. Sgt. Lantrip was then demoted from Sergeant to Correctional Officer. Mr. Davis alleges that Sgt. Lantrip falsified the conduct report in retaliation for Mr. Davis filing grievances and lawsuits against his fellow officers who are friends of Sgt. Lantrip.

Any due process claim for writing a false conduct report must be **dismissed for failure to state a claim upon which relief can be granted** because Mr. Davis does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston,* 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). Any impropriety with the conduct report itself would be properly addressed during the disciplinary proceedings, the result of might be challenged in a habeas proceeding, not a civil rights action.

The facts do state a possible claim, however, of retaliation based on the First Amendment. This claim **shall proceed against Sgt. Lantrip.**

There are no allegations of wrongdoing asserted against Superintendent Brown. In addition, to the extent this defendant is named solely because of his supervisory position, such claim fails to state a claim upon which relief can be granted. "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."

*Burks v. Raemsich,* 555 F.3d 592, 594 (7th Cir. 2009). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). The claim against Superintendent Brown is **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Davis alleges that "Officer Morris exposed Sgt. Lantrip for falsifying C/O Morris' statement and for forging C/O Morris' signature in the report of conduct." These allegations, assuming they are true, do not constitute a constitutional violation. Rather, it appears that Officer Morris did nothing unlawful. Rather, he may have been the person to point out that wrongdoing had occurred by someone else. The claim against Officer Morris is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue regarding the dismissal of claims against Superintendent Brown and Officer Morris.

### III. Summary and Electronic Service of Process

The First Amendment retaliation claim brought against Sgt. Lantrip shall proceed.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process electronically to Sgt. Lantrip in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 5, 2017 (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk shall update** the docket to show Sgt. Lantrip as the only defendant.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 2/27/17

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Electronic Service to:

Sgt. Lantrip
Employee
    (At: Wabash Valley Correctional Facility)

SAMUEL  DAVIS
962441
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only